IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD BONNER-EL | ) |
| Plaintiff(s), | ) |
| v. | ) 2:05-CV-409-F |
| J. C. GILES, ET AL. | ) |
| Defendant(s). | ) |

## SPECIAL REPORT

COME NOW the Defendants, **J. C. Giles, et al.**, by and through undersigned counsel, and in accordance with this Honorable Court's June 23, 2004 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Clifford Bonner El, is an inmate of the Alabama Prison System.

2. Defendant J.C. Giles is a Warden III for the Alabama Department of Corrections currently assigned to the Ventress Correctional Facility in Clayton, Alabama.

3. Defendant Lt. John S. Dowling is a Correctional Officer Supervisor I for the Alabama Department of Corrections currently assigned to the Ventress Correctional Facility in Clayton, Alabama.

## EXHIBITS

EXHIBIT 1 – Affidavit of Warden Giles with attachments.

EXHIBIT 2 – Affidavit of Lt. Dowling.

EXHIBIT 3 – ADOC Form 601, Incident Report

EXHIBIT 4 – Prison Health Services Body Chart

## PLAINTIFF'S CLAIMS

Plaintiff claims that he was struck in the head and jaw by Lt. Dowling and driven into a wall without provocation. Plaintiff also claims to have been verbally abused. Plaintiff demands that Warden Giles be reprimanded for failing to properly train and supervise Lt. Dowling, that Lt. Dowling be reprimanded and demands that Lt. Dowling pay damages to him in the amount of $600. Plaintiff does not claim any lingering or permanent injuries.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. Defendants deny that they used excessive force against Plaintiff.

4. Defendants deny that they violated Plaintiff's Eighth Amendment rights.

5. The Plaintiff has failed to state a claim upon which relief may be granted.

6. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

7. The Defendants are immune from suit due to qualified immunity.

8. Defendants are immune from suit under Article I, § 14 of the <u>Alabama Constitution</u> (1901).

9. Defendants are immune from suit due to discretionary function immunity.

## STATEMENT OF FACTS

On April 12, 2005, Plaintiff became upset due to the fact that he was being placed in Administrative segregation and being transferred due to an enemy situation at Ventress Correctional Facility. (Exhibit 1, p.2; Exhibit 2, p.2). Plaintiff was located in the 10 dorm lobby area. (Exhibit 3, p.1). Lt. Dowling entered the area and began to question Plaintiff about his behavior. (Exhibit 3, p.1). Plaintiff became belligerent with Lt. Dowling and Lt. Dowling continued to reprimand Plaintiff for his behavior. (Exhibit 3, p.1). Plaintiff picked up some laundry bags and began to walk off. (Exhibit 3, p.1). Lt. Dowling ordered Plaintiff to halt and instructed him to enter a small office. (Exhibit 3, p.1).

Lt. Dowling attempted to continue to reprimanding Plaintiff for his behavior when Plaintiff suddenly began raising his arms and hands in a wild and aggressive manner. (Exhibit 3, p.1). Lt. Dowling ordered Plaintiff to calm down and stop raising his arms and hands in an aggressive manner. (Exhibit 2, p.1). Plaintiff began cursing and yelling louder and continued to aggressively raise his hands and arms. (Exhibit 2, p.2). Lt. Dowling then placed two fingers of his left hand on Plaintiff's chest and his right hand on Plaintiff's face, pushing him against the wall. (Exhibit 2, p.2). Lt. Dowling held Plaintiff against the wall until other officers could place handcuffs on Plaintiff. (Exhibit 2, p.2).

After subduing Plaintiff, Lt. Dowling escorted Plaintiff to the Health Care Unit to have a body Chart completed. (Exhibit 3, p.2). An examination of Plaintiff revealed only a small degree of redness on Plaintiff's left cheek. (Exhibit 4). Lt. Dowling only used enough force to prevent Plaintiff from attacking. (Exhibit 1, p.2; Exhibit 2, p.2). At no time did Warden Giles support, nor will he ever support, the unjustified use of force. (Exhibit 1, p.2).

## ARGUMENT

**I.  Defendants did not use excessive force against plaintiff.**

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'" *Id.*, quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.E.2d 251 (1986). The "core judicial inquiry" in such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed. 2d 156 (1992).

In addition to defining the mental state required, *Hudson* and *Whitley* outline five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) "the extent of the injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of the staff and inmates, as reasonably perceived by

the responsible officials on the basis of facts known to them." *Campbell*, 169 F. 3d at 1375; citing *Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 7.

Applying these five factors to the incident involving Plaintiff and Lt. Dowling, it is clear that Lt. Dowling did not use excessive force against Plaintiff. There was clearly a need for the application of some force when Plaintiff became belligerent and aggressive. Plaintiff was placed in Administrative segregation and being transferred due to an enemy situation at Ventress Correctional Facility. When plaintiff cursed at and made aggressive gestures at Lt. Dowling, Lt. Dowling was required to apply force to maintain discipline and divert any further harm to himself, Plaintiff, or others. Lt. Dowling used only that amount of force necessary to subdue Plaintiff, cuff Plaintiff's hands and restore discipline, thus preventing the likelihood of further harm.

Plaintiff was given a physical examination following the incident, and the medical findings were consistent with the officers' report of the facts. The only thing the medical examination revealed was a slight redness on Plaintiff's left cheek. These facts demonstrate that Defendants did not use excessive force against Plaintiff. His claims are, therefore, due to be dismissed.

## II.   The Defendants are immune from suit.

This case should also be dismissed because Defendants are immune from suit. Plaintiff makes no allegation Against Warden Giles in an individual capacity even though the Warden is listed as acting both in his individual and official capacity in the style of the complaint. Therefore Warden Giles can only be viewed as having been sued in his official capacity. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit

5

in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Alabama's immunity. Therefore, Warden Giles is immune from claims brought against him in his official capacity. *Lancaster v. Monroe County*, 116 F.3d 1419 (11th Cir.1997); see also, *McClure v. Houston County, AL.*, 306 F. Supp. 2d 1160 (M.D. Ala. 2003). This suit against Warden Giles is in reality a suit against the State; thus, Defendant Giles should be dismissed.

Section 6-5-338 of the Alabama Code also extends discretionary-function immunity to law-enforcement officers "unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in in bad faith." *Couch v. City of Sheffield*, 708 So.2d 144 (Ala. 1998). Under section 6-5-338, the court must first ask whether the officer was engaged in a discretionary function. If so, the burden shifts to the

plaintiff to show that the state officer acted in bad faith, with malice or willfulness in order to deny immunity. *McClure v. Houston County, AL.*, 306 F. Supp. 2d 1160 (M.D. Ala. 2003); *Sheth v. Webster*, 145 F.3d 1231 (11th Cir. 1998). Training and supervision are within the line and scope of Warden Giles's duties and require the exercise of judgment under the given circumstances. See, *Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176 (M.D. Ala. 1999). Therefore, Warden Giles's acts with regard to training and supervising Lt. Dowling were discretionary, and the burden is on Plaintiff to show that Warden Giles "acted in bad faith, with malice or willfulness." *Sheth*, 145 F.3d at 1238-39. Plaintiff cannot meet this burden as he has no evidence whatsoever tying Warden Giles to Lt. Dowling's actions. Therefore, any claims against Warden Giles in his personal capacity are due to be dismissed.

In addition, all of the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional

security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). Defendants have not violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


/s/Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 14th day of June, 2005, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Clifford Bonner El, AIS#208359
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36016

           /s/Benjamin H. Albritton
           Benjamin H. Albritton
           Assistant Attorney General