RECEIVED

2005 JUL 18  A  29

## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

CLIFFORD BONNER EL,
   PLAINTIFF,

     Vs.                   CIVIL ACTION NO:2:05-CV-409-F

J.C.GILES,et al.,
   DEFENDANTS.

### MOTION IN OPPOSITION

     Come now the Plaintiff,Clifford Bonner El,#208359,(pro-se) and file this his motion in opposition  to the **Special Report as submited by the defendant(s)** as ordered by this Honorable Court's order dated the 15th of June, 2005.

   (1).The plaintiff objects to each and every statement as presented by the defendant(s) in this matter as so follows.

   (a) Opposition to Statement of  Defendant,J.C.Giles Warden II.Ventress Cor.Fac, Warden Giles in his statement of facts states that Inmate Bonner was upset about being placed in the  **Segregation Unit (i.g.Protective Custody),** "When in fact Bonner knew that he and Warren were to be transfered to another facility due to, security reasons and that he had initiated the request upon learning of a potential of there being a family member of the victim in a case that he possessed knowledge  therefrom .

(b) Inmate Clifford Bonner El, and Warden J.C.Giles had spoken on April

08, 2005 and on April 12 ,2005,concerning this matter and thereby Warden
Giles was in full knowledge just as Inmate Bonner El.
Inmate Bonner had already acknowledged that he and Inmate Warrnen were to be
placed in the P.C.(Protective Custody Unit).

The Plaintiff Clifford Bonner El, aver that Warden J.C.Giles was fully aware
that Inmate Bonner, knew of this pending transfer to Administrative
Segregation Unit due to an enemy situation, This is standard operating
procedure for this type of situation that Inmate Bonner El has been through
this before so therefore this was not any different from any other.

*QUESTION TO THE COURT: When is,it or has it been ,necessary to strick
an State Inmate repeatedly with a closed fist in order to maintain
disclipline of an Inmate[?]*
*It is stated in the report filed by the Defendnat(s) that Lt.Dowling
personaly escorted the Plaintiff to the Health Care Unit but yet the
medical report states that the Inmate ,Bonner El,was brought to H.C.U. by
A & O ,Officer RUMPH was the escort officer to ,H.C.U.*

(1)  The Institutional Report states that Lt.Dowling escorted the Plaintiff
to the H.C.U. to have a body chart done [This in it self shows that the
Defendant(s) have fictionally prepared the Instutional report to cover the
true actions of Lt.Dowling] and  "yet" the Defendant(s) submitted as {Exhibit
"A:} Officer(s) Larry Thomas and  Jimmy Rumph placed hand cuffs on
Inmate Bonner and that Officer(s) Aaron Patterson and Jimmy Rumph were the
escorting Personel  to take Inmate Bonner(the plaintiff) to H.C.U.,thereby
the resulting in contradictory accounting of the event.

(2) All Institutional Incident Report(s) are the narratives of
Lt. John Dowling and list no witnesses to these events [Why?] because
Lt.John S.Dowling knew that his intent was to set an example of Inmate
Bonnerin direct retaliation for Inmate Bonner's oversight in taking a matter
that was felt by Lt. Dowling  should have been brought to him and not
directed to Warden J. C. Giles this mentality is common place within the
A.D.O.C. and has become to say embolden due to the overly crowded condition
and longer working hours put in by most officers within the administration.

   (3)The Defendants exclaims the right to state agent immunity and not
immunity in there personal capacity and that there are no grounds that
relife can be granted  the matter at hand is that the plaintiff seeks
damagesfor the physical assualt upon his person as a equity for the
violationof his Eighth Amendment Rights also the 14th Amendment to the U.S.
Constituution which prohibits a State from denying to any person within its
jurisdiction the equal protection of the laws.
(a) The eighth Amendment to the U.S.Constitution prohibits cruel and unusual
punishment .


   *Question:* What was the mential state of Lt. John Dowling at the time of
this Event and was it meritorious that Inmate Bonner's looking or staring
that provoked Lt.John Dowling [?]

   *Question:* Is it Standard Operational Procedure to take Inmates in to
private rooms in a state of aggravation alone without assistance of another
officer for if not security then for safety, and to have collaboration of
events and actions ,if not, then the intentions are suspect in nature{?}

## *ARGUMENTS IN OPPOSITION OF FACT*

We ask only the question of relevance at what point do you justify the use of physical force and to what extent do you apply that force before it becomes an act of maliciously, sadistically and issued with reckless wanton actions ?

Lt. John Dowling used force where there was no apparent threat to himself or others, if the statement of Lt. Dowling is true and factual, why is it that he did not order the other officers that were present at the time to place cuffs on Inmate Bonner prior to him escorting the Plaintiff into an isolated area from the view of others,and why was it that this Inmate was taken in to an area out of the line of sight of others before he became so aggressive that physical force became the only avenue of restraint?

Lt.John Dowling was the antagonist in this event and the physical assault on the person of the Plaintiff Clifford Bonner El is a clear cut scenario of an deliberate act of violence against another in direct violation of  the Plaintiff's **EIGHT AMENDMENT CONSTITUTIONAL RIGHTS AGANST CRULE AND UNUAUAL PONISHMENT**,WHEN Lt.John Dowling took Inmate Bonner in to room#808 with the forethought of his actions to teach Inmate Bonner the chain of command he with the intent to  physically reprimand Inmate Bonner was with  malicious intent.

The Statements In this Motion of Oppsition are true and correct the records show the use of force in excess and the Plaintiff has, had to return to the Health Care Unit for follow up treatment for the lingering injuries

inflected at the hands of Lt.Dowling ,Warden J.C.Giles as the Warden has the responsibility to not only his staff but the Inmate Population as well to see that they are treated with some measurement of  protection and respect at all times and that the personal emotions of his personel are intact and that there conduct is of a professional nature during the conducting of duties therein.

The Plaintiff seeks this Court to Grant him the relief he so seeks in the order thereof.

(a)Warden J. C. Giles be given writen and verbial reprimanded for allowing this type of behavior to be condoned .

(b)That Lt. John S.Dowling be given an order to pay in punitive damages in the amount of $600.as a pecuniary damages.

It is SO PRAYED............

SUBMITTED BY

CLIFFORD BONNER El
PLAINTIFF (pro-se)

## CERTIFICATE OF SERVICE

I hereby certify that,that a true and correct copy of the foregoing was

Mailed to the below listed parties by placing the same in a postage pre-paid

and properly addressed envelope and depositing the same in the U.S.Mail

this _30 th_ day of _June_ 2004.

I hereby swear under penalty of purjury that I am the party requesting
the above action in this Mater.

_Clifford Bonner El 208359_

CLIFORD BONNER EL#208359/B-2-04T
STATON COR. FAC.
P.O.BOX # 56
ELMORE,ALABAMA.36025-0056

STATE OF ALABAMA                    CLERK OF THE DISTRICT COURT OF THE
   OFFICE OF ATTORNEY GENERAL       UNITED STATES FOR THE MIDDLE
   11 SOUTH UNION STREET            DISTRICT OF ALABAMA
MONTGOMERY,ALABAMA.36130-0152       PERRY D.MATHIS
                                    HUGO L.BLACK U.S.COURTHOUSE
                                    1729FIFTH AVENUE N.
                                    BIRMINGHAM,ALABAMA.35203

I,the undersigned authority, a Notary Public, hereby certify that the above named person

known to me or has proven to me on a basis of satisfactory evidence to be the person whose

name is subscribed above,has duly sworn and excuted said instrument in my presence.

IN WITNESS WHEREFORE,I have hereunto set my hand and affixed my offical seal this
the _30th_ day of _June_ 2005

SEAL                    _Jeff C Burnett_
                          NOTARY PUBLIC

MY COMMISSION EXPIRES, _1-21-08_