IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFFORD BONNER EL, #208359 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv409-MEF |
| | ) | |
| J.C. JILES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING EVIDENTIARY HEARING**

In this 42 U.S.C. § 1983 action, plaintiff Clifford Bonner El("Bonner"), a prison inmate, alleges that defendant correctional officer Lt. Dowling[1] physically assaulted him "without provocation." (Compl. at 3). According to the plaintiff, Dowling cursed him, "threw his elbow into my chest pushing me up against the wall and struck me in the face at least (5) five times with his fist, he then pulled me away from the wall and threw me into another wall pushing my head against it." (Pl's Affidavit in Opp. to Defs' Special Rep. at 2). Lt. Dowling denies the plaintiff's allegations, admits using some force against Bonner but asserts that the amount of force he used was reasonable in light of Bonner's belligerence and aggression. Suffice it to say, the defendant's denial of Bonner's contentions creates genuine issues of fact necessitating an evidentiary hearing on this excessive force because none of the parties demanded a trial by jury. Accordingly, upon consideration of the pleadings in this case, and for good cause, it is

ORDERED as follows:

1. An evidentiary hearing be and is hereby set for May 22, 2007, at 9:00 a.m. in Courtroom 4B in the United States Courthouse Complex, One Church Street, Montgomery,

---

[1] The plaintiff misspelled Lt. Dowling's name in his complaint as Dawny.

1

Alabama.

    2. **WITNESSES**.

        (a) **All** parties shall file a witness list at least 20 days before the evidentiary hearing. Witnesses not on the list will not be heard.

        (b) **Cases Proceeding In Forma Pauperis**. If the plaintiff desires to procure attendance of witnesses by writ or subpoena, he shall file and serve – not later than 20 days before the evidentiary hearing – a witness list containing the names, AIS number where applicable and addresses of <u>all</u> witnesses – whether a subpoena is sought or not – (inmate or civilian status) and a brief statement of the expected testimony of each witness, whether a subpoena is sought or not. M.D. ALA. LR 45.1(b). The plaintiff should be specific in stating the witnesses' expected testimony, because if their testimony is not material or is simply repetitive the court may in its discretion decline to order the subpoena of the witness. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

    Whether the witness is subpoenaed by a pauper or not, Rule 45(c) requires that your subpoena must be accompanied by an attendance fee ($40.00 per day), a subsistence fee ($112.00 per day) if overnight stay is required,[2] and actual expenses of a common carrier or mileage (48.5¢ per mile each way), or it need not be obeyed. The witness will be so informed by the subpoena. It is the responsibility of the party requesting the subpoena to provide that money to the clerk's office for tender with the subpoena.

        (c) **Subpoena by Non-Paupers**. Subpoenas may be served in accordance with FED.R.CIV.P. 45(b). If service by the United States Marshal is requested, the subpoena must be filed not less than 14 calendar days prior to the date of the evidentiary hearing and must

---

[2] If an overnight stay is required, the subsistence allowance is $112.00 for the day of the overnight stay plus $39.00 for the day of the return trip.

contain the complete name and address of the witness.  M.D. ALA. LR(a)(1).

    4. **Production of Plaintiff**.  The persons having custody of the plaintiff shall produce him at the evidentiary hearing.

    Done this 16th day of March, 2007.

                          /s/Charles S. Coody
                          CHARLES S. COODY
                          CHIEF UNITED STATES MAGISTRATE JUDGE